IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**CHARLES W. JONES,**

    **Petitioner,**

**v.**                                              **Case No. 5:24-cv-00505**

**WARDEN, FCI BECLEY [SIC],**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On July 22, 2024, Petitioner Charles W. Jones (hereinafter "Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus in the Northern District of West Virginia pursuant to 28 U.S.C. § 2241. (ECF No. 1). The matter was transferred to this district on September 17, 2024. (ECF No. 6). Currently pending is Petitioner's Writ for Habeas Corpus, (ECF No. 1), Respondent's Motion for Extension of Time to Respond, (ECF No. 12), and Respondent's Motion to Dismiss, (ECF No. 13). This matter is assigned to the Honorable Frank W. Volk, United States Chief District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 8).

Respondent moved for additional time to respond to the Petition on December 2, 2024. (ECF No. 12). However, two days later, on December 4, 2024, Respondent filed a Motion to Dismiss the Petition based on Petitioner's release from custody. (ECF No. 13). Consequently, for purposes of recommending disposition, it is hereby **ORDERED** that

the Respondent's Motion for Extension of Time to Respond to Petitioner's Petition is **DENIED** as **MOOT**. Further, after thorough consideration of the record, the undersigned respectfully **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**, (ECF No. 13); Petitioner's § 2241 petition be **DENIED**, (ECF No. 1); and this matter be **DISMISSED**, with prejudice, and removed from the docket of the Court.

## I.    Relevant History

Petitioner pled guilty and was convicted in the United States District Court for the Eastern District of Virginia for a public official accepting a bribe offense. *See U.S. v. Jones*, No. 2:22-cr-66-AWA-RJK-1, ECF No. 10, (E.D. VA 2022). On March 1, 2023, Petitioner was sentenced to 30 months imprisonment and two years supervised release. *Id.* at ECF Nos. 26, 28. Petitioner entered BOP custody on or about June 5, 2023. *Id.* at ECF No. 32. Petitioner then filed this action on July 22, 2024, seeking an order from this Court for "application of sentence and halfway house/home confinement credits". (ECF No. 1 at 7).

As stated herein, Respondent filed a Motion to Dismiss the Petition, stating that Petitioner was not entitled to the relief sought because his release from custody rendered his Petition moot. Petitioner was released from custody[1] on December 2, 2024.

## II.    Discussion

It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must

---

[1] See https://www.bop.gov/inmateloc/

present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Therefore, when a petitioner, while incarcerated, files a habeas corpus petition seeking relief from a conviction or sentence, his release from custody may render his petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). For example:

> [w]here the criminal conviction … results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a

petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)).

In this case, neither exception applies. Petitioner does not challenge his conviction; rather, he claims that he should have received FSA time credits that would advance his release date from prison. (ECF No. 1-1 at 2). Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant. Consequently, release from custody moots the petition. *Lane v. Williams,* 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because there is no reasonable probability that Petitioner will face the same set of sentencing circumstances in the future.

For these reasons, the undersigned **FINDS** that (1) Petitioner's release from custody renders his petition for habeas corpus relief moot and (2) neither exception to the mootness doctrine applies in this case.

### III.    Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Respondent's Motion to Dismiss, (ECF No. 13), be **GRANTED**;
2. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED** as **MOOT**; and
3. This case be removed from the Court's docket.

Petitioner is notified that the "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States Chief District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Reeder.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:**  May 12, 2025

Joseph K. Reeder
United States Magistrate Judge